O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

SEP 1 0 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMMIE L. COOLEY,<br><br>            Plaintiff,<br><br>      vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. EDCV 09-200 RNB<br><br>ORDER AFFIRMING DECISION OF<br>COMMISSIONER |

The Court now rules as follows with respect to the five disputed issues listed in the Joint Stipulation.[1]

As to Disputed Issue No. 1, for the reasons stated by the Commissioner (see Jt Stip at 7-11), the Court finds and concludes that reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider Dr. Ohiaeri's observations regarding plaintiff's grooming and hygiene. "In interpreting

---

[1]      As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1 the evidence and developing the record, the ALJ does not need to 'discuss every piece
2 of evidence.'" See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir.
3 2003). Rather, the ALJ need only discuss evidence that is significant and probative.
4 See id.; see also Vincent v. Heckler 739 F.2d 1393, 1394-95 (9th Cir. 1984) (affirming
5 where ALJ had failed to mention letter from plaintiff's treating psychiatrist concluding
6 that plaintiff was severely impaired). Dr. Ohiaeri's observations to the effect that
7 plaintiff appeared poorly groomed or disheveled during his various office visits did
8 not constitute an opinion on any functional limitations resulting from plaintiff's severe
9 mental impairment(s). Accordingly, the Court concurs with the Commissioner that
10 the ALJ did not err in failing to discuss those observations since they were not
11 probative of plaintiff's residual functional capacity ("RFC").

12      As to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt
13 Stip at 13-14), the Court finds and concludes that reversal is not warranted based on
14 the alleged failure of the ALJ to properly consider Dr. Ohiaeri's opinion regarding
15 plaintiff's need for medication alterations. Although plaintiff has cited possible side
16 effects from the medications prescribed by Dr. Ohiaeri, medication side effects must
17 be medically documented in order to be considered. See Miller v. Heckler, 770 F.2d
18 845, 849 (1985). The fact that Dr. Ohiaeri changed plaintiff's medication dosages,
19 presumably in order to make the medications more effective, is not in itself indicative
20 that plaintiff's medications caused side effects. Plaintiff has failed to cite anywhere
21 in the record where Dr. Ohiaeri expressly documented any side effects from the
22 altered medication dosages.

23      As to Disputed Issue No. 3, for the reasons stated by the Commissioner (see Jt
24 Stip at 17-19), the Court finds and concludes that reversal is not warranted based on
25 the alleged failure of the ALJ to properly consider plaintiff's restrictions in his
26 activities of daily living and episodes of decompensation. The evidence of record
27 cited by plaintiff does not evidence any episodes of decompensation. Moreover, the
28 ALJ's finding that plaintiff had no episodes of decompensation was supported by the

1    June 14, 2007 opinion of the state agency physician. (See AR 251). As to whether

2    plaintiff had any restrictions in his activities of daily living, the ALJ acknowledged

3    that the record contained conflicting evidence. (See AR 17-18). However, it was

4    within the ALJ's province to resolve that conflict adversely to plaintiff. See Young

5    v. Heckler, 803 F.2d 963, 967-68 (9th Cir. 1986) ("In the absence of any conclusive

6    medical evidence on the issue, it is the function of the Secretary to resolve questions

7    of resolutions of conflicts in the evidence."); Rhinehart v. Finch, 438 F.2d 920, 921

8    (9th Cir. 1971) ("Where there is conflicting evidence sufficient to support either

9    outcome, we must affirm the decision actually made.").

10          As to Disputed Issue No. 4, for the reasons stated by the Commissioner (see Jt

11   Stip at 22-24), the Court finds and concludes that reversal is not warranted based on

12   the alleged failure of the ALJ to properly develop the record. Although plaintiff

13   contends that the ALJ should have re-contacted Dr. Ohiaeri, the duty to re-contact a

14   treating source arises only when the evidence of record is insufficient or inadequate

15   for the ALJ to make a disability decision. See 20 C.F.R. §§ 404.1512(e),

16   404.1527(c)(3), 416.912(e), 416.927(c)(3); Bayliss v. Barnhart, 427 F.3d 1211, 1217

17   (9th Cir. 2005); see also Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

18   Here, the Court concurs with the Commissioner that the record was sufficient and

19   adequate in that it contained substantial evidence on which the ALJ properly could

20   rely to make his findings and decision. See Thomas v. Barnhart, 278 F.3d 947, 957

21   (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also

22   serve as substantial evidence when the opinions are consistent with independent

23   clinical findings or other evidence in the record.").

24          Finally, as to Disputed Issue No. 5, it follows from the Court's rejection of

25   plaintiff's contentions with respect to Disputed Issue Nos. 1-4 that reversal is

26   warranted based on the ALJ's alleged failure to pose a complete hypothetical question

27   to the vocational expert. Hypothetical questions posed to a vocational expert need not

28   include all alleged limitations, but rather only those limitations substantiated by the

1   evidence of record that the ALJ finds to exist. <u>See</u>, <u>e.g.</u>, <u>Osenbrock v. Apfel</u>, 240 F.3d
2   1157, 1164-65 (9th Cir. 2001); <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756-57 (9th Cir.
3   1989); <u>Copeland v. Bowen</u>, 861 F.2d 536, 540 (9th Cir. 1988); <u>Martinez v. Heckler</u>,
4   807 F.2d 771, 773-74 (9th Cir. 1986).  Here, the hypothetical posed to the vocational
5   expert did comport with the limitations substantiated by the evidence of record that
6   the ALJ found to exist.  (<u>Compare</u> AR 17 <u>with</u> AR 406-08).

7                                   *******************

8          IT  THEREFORE  IS  ORDERED  that  Judgment  be  entered  affirming  the
9   decision of the Commissioner and dismissing this action with prejudice.

11  DATED:  <u>September 9, 2009</u>

                                        *Rot N Blm*

14                                  ROBERT N. BLOCK
                                    UNITED STATES MAGISTRATE JUDGE

                                        4